IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**TRINCETON BROWN,** individually and on behalf of all other similarly situated,

*Plaintiff,*

*v.*

**HURSH GROUP, LLC**, a Colorado company,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Trinceton Brown ("Plaintiff Brown" or "Brown") brings this Class Action Complaint and Demand for Jury Trial against Defendant Hursh Group, LLC d/b/a Avid Demand ("Defendant" or "Avid Demand") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Brown alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Brown is a resident of Lehi, Utah.

2. Defendant Avid Demand is a Colorado registered company located in Boulder, Colorado. Defendant Avid Demand conducts business throughout the US including in this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from the Defendant from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in November 2025 alone, at a rate of 128.7 million per day. www.robocallindex.com (last visited December 21, 2025).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Hursh Group, LLC operates using the d/b/a Avid Demand:

| **Details** | | | |
|---|---|---|---|
| **Trade name** | Avid Demand | | |
| **Registrant name** | HURSH GROUP, LLC | | |
| **Status** | Effective | **Formation Date** | 04/28/2020 |
| **ID number** | 20201384728 | **Form** | Limited Liability Company |

[3]

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://tinyurl.com/ycynfeha

14. Avid Demand is a digital marketing agency that solicits lead generation business throughout the US.[4]

15. Defendant Avid Demand sends text messages to solicit its marketing services.

16. Defendant Avid Demand sends telemarketing text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

17. Defendant Avid Demand sends text messages using phone number 833-322-9103, as per Plaintiff's experience. According to Robokiller.com, 44 out of 155 text messages were blocked by the recipients:



[5]

18. Similar to the above example, Avid Demand also sends out text messages using phone number 855-758-9079, as per Plaintiff's experience. According to Robokiller.com, 47 out of 210 text messages were blocked by the recipients:



[6]

---

[4] https://www.linkedin.com/company/aviddemand/about/
[5] https://lookup.robokiller.com/p/833-322-9103
[6] https://lookup.robokiller.com/p/855-758-9079

19. In response to these text messages, Plaintiff Brown brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF BROWN'S ALLEGATIONS**

20. Plaintiff Brown is the sole owner and exclusive user of his cell phone number ending in 5631.

21. Plaintiff Brown is a resident of Utah and was present in Utah when he received text messages from Defendant Avid Demand.

22. Plaintiff Brown registered his cell phone number on the DNC on August 19, 2003.

23. Plaintiff Brown uses his cell phone number for personal use only as one would use a landline telephone number in a home.

24. Plaintiff Brown uses his cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for his other household needs.

25. Plaintiff Brown pays for his cell phone plan. It is not reimbursed by a business.

26. Plaintiff Brown has never listed his cell phone number publicly as a business contact number.

27. On November 11, 2025 at 10:13 AM, Plaintiff Brown received 2 back-to-back text messages to his cell phone from 855-758-9079:




28. The first text message specifically states that it was sent by Patricia from Avid Demand.

29. Patricia is believed to be Patricia Hursh, the VP of client services for Avid Demand:



[7]

[7] https://www.linkedin.com/in/patriciahursh/

30. On December 17, 2025 at 9:51 AM, Plaintiff received 2 text messages that are identical to the text messages he received on November 11, 2025, but from phone number 833-322-9103:




31. Plaintiff Brown has never done business with Avid Demand or consented to be contacted by them.

32. The text messages Plaintiff received were sent to solicit paid marketing services from him.

33. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Brown in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Brown, on behalf of himself and the Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Brown brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Avid Demand texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Brown anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Avid Demand placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call and/or text message;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Brown will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Brown has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Brown and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Brown nor his counsel have any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Brown. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Brown and the Do Not Call Registry Class)**

41. Plaintiff repeats and realleges paragraphs 1-40 of this Complaint and incorporates them by reference herein.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Brown and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Brown and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff Brown and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Brown requests a jury trial.

**TRINCETON BROWN**, individually and on behalf of all others similarly situated,

DATED this 15th day of January, 2026.

By: */s/ Stefan Coleman*

Stefan Coleman
Coleman PLLC
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
**Lead counsel*

*Attorneys for Plaintiff and the putative Class*